S00G0006. SECURITY LIFE INSURANCE COMPANY OF AMERICA v. CLARK et al.
(535 SE2d 234)

SEARS, Justice.

This Court has granted certiorari in this matter two times in as many years. In 1997, certiorari was granted to the Court of Appeals in order to consider three issues,[1] and this Court issued an opinion that addressed those issues and left the remainder of the Court of Appeals' opinion untouched.[2] Thereafter, on remand, the Court of Appeals vacated a division of its earlier opinion that had been left undisturbed by this Court, prompting us to now grant certiorari for a

---

[1] *Security Life Ins. Co. v. Clark*, 229 Ga. App. 593 (494 SE2d 388) (1997).
[2] *Clark v. Security Life Ins. Co.*, 270 Ga. 165 (509 SE2d 602) (1998).

second time.[3] As explained below, the Court of Appeals' action on remand violated the "law of the case doctrine," as well as other principles of appellate jurisprudence. Therefore, we reverse.

In 1994, the appellees Gordon and Clarice Clark purchased a health insurance policy underwritten by appellant Security Life Insurance Company. Fipps, as agent for Security Life, solicited the Clarks to purchase the policy. In response to questions on the insurance application, Mr. Clark disclosed a pre-existing heart condition to agent Fipps, but Fipps submitted a forged application to Security Life that failed to disclose the pre-existing condition. Based on the forged application, Security Life issued a policy to the Clarks. When the false information came to light after the Clarks submitted a claim, Security Life rescinded the policy. The Clarks sued Security Life for fraud based upon Fipps' forgery and Security's failure to comply with Georgia's insurance regulations, and also under Georgia's RICO Act,[4] contending that Security Life (1) sold them a policy that violated Georgia insurance laws, and (2) participated in a scheme intended to avoid compliance with Georgia's insurance regulations.[5] After the trial court denied Security Life's motion for directed verdict on the RICO claim, the jury found in favor of the Clarks, and judgment was entered in their favor.

Security Life appealed, and the Court of Appeals reversed in *Security Life Ins. Co. v. Clark ("Security I")*.[6] In *Security I*, the Court of Appeals held that:

1. Security Life's failure to file the relevant insurance policy with the Georgia Insurance Department (as required by the Insurance Code) could not serve as the predicate act for a civil RICO claim ("the predicate RICO act issue");[7]
2. There was no proof that Security Life's failure to file the relevant insurance policy with the Georgia Insurance Department had proximately caused harm to the Clarks ("the RICO proximate cause issue");[8] and
3. Security Life could not be held vicariously liable for agent Fipps' forgery of the Clarks' insurance policy ("the vicarious liability issue").[9]

---

[3] *Security Life Ins. Co. v. Clark*, 239 Ga. App. 690 (521 SE2d 434) (1999).
[4] OCGA § 16-14-1 et seq.
[5] An additional claim for breach of contract was voluntarily dismissed when Security, having confirmed Fipps' forgery, offered to reinstate the Clarks' insurance policy.
[6] 229 Ga. App. 593.
[7] 229 Ga. App. at 599-601.
[8] 229 Ga. App. at 601.
[9] 229 Ga. App. at 602.

This Court granted certiorari, and in *Clark v. Security Life Ins. Co.* (*"Security II"*)[10] we affirmed in part and reversed in part. Regarding the three issues discussed above, the *Security II* opinion:

1. Affirmed the Court of Appeals' ruling on the predicate RICO act issue.[11]

2. Did not address and therefore effectively affirmed the Court of Appeals' ruling on the RICO proximate cause issue.[12]

3. Reversed the Court of Appeals' ruling on the vicarious liability issue, because the lower court applied an incorrect standard in evaluating the issue, and applying the proper standard revealed there was sufficient evidence to justify submitting the issue to a jury.[13]

On remand, a plurality of the Court of Appeals vacated *Security I's* ruling on the RICO proximate cause issue, and reinstated the trial court's judgment in favor of the Clarks on the RICO claim (*"Security III"*).[14] The Court of Appeals took this action because it concluded that *Security II's* ruling on the vicarious liability issue was inconsistent with *Security I's* ruling on the RICO proximate cause issue. This Court now has granted certiorari in this matter for a second time to address the holding in *Security III*.

1. "Under the 'law of the case' rule, 'any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals, as the case may be.' "[15] It is apodictic that Georgia's appellate courts are required to adhere to the law of the case rule in all matters which they consider.[16] Even where the law subsequently changes, appellate rulings remain binding as between parties to a case, so long as the evidentiary posture of the case remains unchanged, despite all contentions that prior rulings in the matter are erroneous.[17]

Furthermore, when the Supreme Court affirms in part and reverses in part a decision of the Court of Appeals, any portions of the Court of Appeals' decision that are not considered by the

---

[10] 270 Ga. 165.

[11] 270 Ga. at 168.

[12] Certiorari was not granted to address this issue.

[13] 270 Ga. at 167-168.

[14] *Security Life Ins. Co. v. Clark*, 239 Ga. App. 690.

[15] *DeHart v. Liberty Mut. Ins. Co.*, 270 Ga. 381, 387 (509 SE2d 913) (1998) (Carley, J., concurring, quoting OCGA § 9-11-60 (h)); see *Jebco Ventures v. City of Smyrna*, 259 Ga. 599 (385 SE2d 397) (1989).

[16] See OCGA § 9-11-60 (h); *DeHart*, supra; *Jebco Ventures*, supra.

[17] *Widener v. Ashkouti*, 239 Ga. App. 530 (521 SE2d 215) (1999).

Supreme Court are unaffected by the Supreme Court's opinion.[18]

It follows from these established principles that when, in *Security II*, the Supreme Court reviewed the Court of Appeals' *Security I* decision and left *Security I's* ruling on the RICO proximate cause issue undisturbed, that portion of *Security I* became the law of the case.[19] When, in *Security III*, the Court of Appeals vacated *Security I's* ruling on the RICO proximate cause issue, it violated both the law of the case doctrine, and the jurisprudential principle that portions of a Court of Appeals' decision not considered when the Supreme Court reverses in part and affirms in part are left undisturbed. Accordingly, the Court of Appeals erred in vacating *Security I's* ruling on the RICO proximate cause issue, and we must reverse and remand this matter yet again.

2. Furthermore, the Court of Appeals erred by concluding that *Security II's* ruling on the vicarious liability issue was inconsistent with *Security I's* ruling on the RICO proximate cause issue.

In *Security II*, we held there was some evidence to show that "Security Life recklessly tolerated [Fipps'] forgery," thereby warranting submitting the vicarious liability issue to the jury.[20] That conclusion, however, was not inconsistent with, and did not require vacating, *Security I's* ruling on the RICO proximate cause issue. The voluminous record in this matter, when considered in its entirety, shows that the two issues are separate and distinct.

The record shows that at trial, the Clarks predicated their RICO claim upon Security's noncompliance with Georgia's insurance regulations and its resulting issuance of a defective policy to the Clarks. The vicarious liability issue, however, was based entirely upon agent Fipps' independent act of forgery, which was not an element of the alleged RICO scheme. This is most clearly demonstrated by the jury's finding that agent Fipps was not part of the alleged pattern of racketeering activity underlying the RICO claim. On the verdict form, the jury was asked to name those persons who had participated in the RICO scheme alleged against Security. In response, the jury listed 28 names, and agent Fipps' name was not one of those listed. Moreover, the jury's verdict form makes reference to only one set of RICO allegations — those alleged against Security for having sold the Clarks a defective insurance policy that did not comply with Georgia's regulations.[21]

---

[18] See *DeKalb County v. Wideman*, 262 Ga. 210, 211 (416 SE2d 498) (1992).

[19] See *Ford v. Uniroyal Goodrich Tire Corp.*, 270 Ga. 730 (514 SE2d 201) (1999).

[20] *Security II*, 270 Ga. at 168.

[21] The jury did identify forgery in the first degree as a predicate act on the verdict form. However, as explained infra, that single act could not constitute the "pattern of racketeering activity" necessary for a successful RICO claim. See OCGA § 16-14-3 (8).

The evidence of record supports the jury's finding that Fipps' forgery was not part of the alleged RICO scheme. The evidence shows that Fipps acted alone when he forged the policy, and that in so doing, he sought to benefit only himself. Additionally, there is no evidence of record to indicate that, at the time he committed forgery, Fipps was even aware that regulatory defects existed in the policy he sold to the Clarks. In fact, it was only after coverage was denied and Fipps' forgery was revealed that the Clarks discovered there were regulatory defects associated with their policy.

Accordingly, we conclude that the record in this matter does not support making a connection between (1) the Clarks' allegation that Security participated in a scheme to sell insurance policies with regulatory defects, and (2) Fipps' single act of forgery. It follows that there is no overlap between the RICO proximate cause issue and the vicarious liability issue, and the Court of Appeals erred in finding an irreconcilable conflict between *Security I's* and *Security II's* rulings on those issues.[22]

3. For the reasons discussed above, the Court of Appeals' ruling in *Security III* reinstating the trial court's judgment on the Clarks' RICO claim is reversed. This matter is remanded to the Court of Appeals for action consistent both with this opinion and with our decision in *Security II*.

*Judgment reversed and remanded. All the Justices concur, except Benham, C. J., and Carley, J., who concur in part and dissent in part.*

CARLEY, Justice, concurring in part and dissenting in part.
In my opinion, the majority misinterprets both *Security Life Ins.*

---

[22] Even if we were to construe the vicarious liability claim as being a part of the RICO claim, a careful reading of *Security II* reveals that the vicarious liability claim would be fatally flawed. In *Security II*, we held that Security Life's failure to file an insurance policy with the Insurance Department could not form the basis of a RICO claim, which requires a "pattern [i.e. — at least two incidents] of racketeering." OCGA § 16-14-3 (8). It follows that agent Fipps' single act of forgery could not form "a pattern of racketeering" either, and thus could not, standing alone, support the Clarks' claim of civil RICO liability. Nothing in *Security II* supports such a conclusion, and the Court of Appeals erred in deciding otherwise.

For this same reason, the Court of Appeals erred in concluding that dicta in *Security II* that our ruling in that case did "not preclude a plaintiff from establishing a RICO claim through proof of an insurance fraud scheme if that scheme as a whole meets the [statutory] definition" found in the RICO Act, 270 Ga. at 168, does not support resurrection of the Clarks' RICO claim based upon Fipps' single act of forgery. Again, a successful RICO claim requires a showing of a pattern — that is "at least two instances" (OCGA § 16-14-3 (8)) — of racketeering activity. This case involves only one act of forgery.

Finally, we reject the Clarks' request that we parse Fipps' single act of forgery into two different criminal acts — forgery and mail fraud — so that they that might serve as the predicate for a RICO claim. "The fact that elements of two [different] crimes may have been present at two separate points in time does not create two predicate acts [for RICO purposes] out of what is in reality a single transaction." *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 877 (482 SE2d 498) (1997).

*Co. v. Clark*, 229 Ga. App. 593 (494 SE2d 388) (1997) (*Security I*) and *Clark v. Security Life Ins. Co.*, 270 Ga. 165 (509 SE2d 602) (1998) (*Security II*), then applies the principle of the law of the case selectively and, based upon this faulty analysis, finds substantive error in the Court of Appeals' decision in *Security Life Ins. Co. v. Clark*, 239 Ga. App. 690 (521 SE2d 434) (1999) (*Security III*). I believe that the Court of Appeals correctly construed our holding in *Security II*, and erred procedurally only by declining to consider Security's remaining enumerations of error prior to affirming the judgment of the trial court.

The majority concludes that "there is no overlap between the RICO proximate cause issue and the vicarious liability issue. . . ." Clearly, however, this Court's opinion in *Security II* established that, "[a]t trial, the Clarks contended that Security Life was *vicariously liable under RICO* for the forgery of its agent Fipps," and that, applying the appropriate criminal standard, "the trial court did not err in submitting the issue of vicarious liability to the jury." (Emphasis supplied.) *Security II*, supra at 167, 168 (2). Therefore, under the law of the case, vicarious liability under RICO *was* an issue at trial which was properly submitted to the jury. Clearly, the trial court would not have even been authorized to submit this issue to the jury if there was not sufficient evidence of proximate cause. Thus, the claim of Security's vicarious liability under RICO was still viable upon return of the case to the Court of Appeals.

The majority ignores the principle of the law of the case by stating that the only basis for Security's vicarious liability was not an element of the alleged RICO scheme, and bolsters its disregard by asserting that the jury was asked to name those persons who had participated in the RICO scheme and that the jury responded with a list of 28 names that did not include Fipps. To the contrary, the jury was not asked to name the participants in the alleged scheme. The *special verdict form* listed 28 entities without including Fipps and requested the jury to mark those with whom it believed Security *conspired* to violate the RICO law. (Exhibit 1 to Appellee's brief) The jury was never asked whether Security conspired with Fipps, because there was no evidence thereof. Rather, the issue was Security's vicarious liability for Fipps' acts, and not the existence of an actual conspiracy between the two. Furthermore, the majority is obviously incorrect when it states that the only RICO allegations against Security referred to in the verdict form related to selling a defective insurance policy which did not comply with state regulations. In another portion of the special verdict form, the jury found that Security committed the RICO predicate offenses of theft by taking, theft by deception, forgery in the first degree, false statements, perjury, mail fraud, and wire fraud. Regardless of the absence of evidence that

Security *directly* committed all or even most of these offenses, the evidence and the stipulations of the parties did show that Fipps, over the course of several months, committed several thefts, forgeries, acts of mail or wire fraud, false statements, and perjuries with respect to Appellees and at least two other couples. Thus, construing the verdict so as to uphold it requires the conclusion that the jury found Security to be vicariously liable for these offenses and that each one is a predicate offense under RICO. See *Brown v. Techdata Corp.*, 238 Ga. 622, 630 (234 SE2d 787) (1977).

The majority further ignores the law of the case by relying upon evidence that Fipps acted alone when he forged the policy. Moreover, that evidence is irrelevant to the issue of Security's *vicarious* liability. By definition, vicarious liability arises where the agent is the sole actor, yet the prinicipal is liable "for acts not committed by him, not accomplished at his direction, not aided by his participation, and not done with his knowledge." *Davis v. City of Peachtree City*, 251 Ga. 219, 220 (1) & fn. 1 (304 SE2d 701) (1983). The evidence shows, as the jury found, that Security was vicariously liable for Fipps' commission of several interrelated predicate acts under RICO. See *Willis v. First Data Pos*, 245 Ga. App. 121, 126 (3) (b) (536 SE2d 198) (2000); *Rains v. Dolphin Mortgage Corp.*, 241 Ga. App. 611, 615 (5) (525 SE2d 370) (1999). Compare *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 877 (3) (482 SE2d 498) (1997). Additionally, the evidentiary basis for the vicarious liability claim is, under the law of the case, Security's reckless toleration of Fipps' forgery. *Security II*, supra at 168 (2). Reckless toleration of the forgery of an insurance policy and a fraudulent scheme to sell the very same policy without complying with insurance regulations have similar intents and results and an identical victim, and are surely interrelated predicate acts. OCGA § 16-14-3 (8). The law of the case has correctly established that the requisite injury under RICO need only flow from *one* of the interrelated predicate acts. *Security I*, supra at 601 (1) (c). There is absolutely no doubt that Fipps' forgery proximately caused Appellees' injury. Division 1 (c) of *Security I* held only that any insurance fraud scheme directly undertaken by Security was not itself the proximate cause. This Court left open the possibility that Appellees could establish "a RICO claim through proof of an insurance fraud scheme if that scheme as a whole meets the definition of racketeering activity under OCGA § 16-14-3 (9)." *Security II*, supra at 168 (3). Since the interrelated forgery furnished proximate cause, both the evidence in the trial court and this Court's opinion compel the conclusion that the jury was authorized to find that Security was vicariously liable under RICO.

The judgment of this Court confirms this analysis. We found error in the Court of Appeals' opinion only on the issues of judicial

notice and vicarious liability. The error regarding judicial notice did not require the Court of Appeals' judgment to be altered, because the alternative holding of Division 1 (c) of *Security I* remained viable so as to eliminate the claim of *direct* liability under RICO based upon those acts which were the object of the attempted judicial notice. If this Court had concluded that the claim of *vicarious* liability under RICO also was not viable on remand, then it would have wholly affirmed the judgment of the Court of Appeals. The only possible reason that this Court partially *reversed* the *judgment* of the Court of Appeals is that the vicarious liability claim was still viable. Once again, the law of the case contradicts the analysis of the majority opinion.

Indeed, it is precisely because this Court's judgment revived the claim of vicarious liability under RICO, that *Security II* is not inconsistent with Division 1 (c) of *Security I,* as that subdivision merely held that the injury suffered by Appellees did not flow from any of the predicate acts in which Security was *directly* involved. On remand, therefore, the Court of Appeals properly vacated Division 1 (c) of its initial opinion *only* to the extent that it conflicts with this Court's holdings in Divisions 2 and 3 of *Security II. Security III,* supra at 691. However, the Court of Appeals' plurality incorrectly declined to address the remaining enumerations merely because this Court did not remand with direction. In a similar situation, the Court of Appeals properly recognized that "[t]he issues submitted by the remaining enumerations of error which were rendered moot by our previous decision are reopened by the decision of the Supreme Court." *Stevens v. Wakefield,* 163 Ga. App. 40 (292 SE2d 516) (1982) (on remand from this Court's decision in *Wakefield v. Stevens,* 249 Ga. 254 (290 SE2d 58) (1982), which remanded, but not with any direction). Because of this Court's previous reversal of the judgment of the Court of Appeals, the remaining enumerations are no longer moot. Therefore, the judgment of the Court of Appeals should be reversed for the sole purpose of requiring it to consider those enumerations of error which have not yet been addressed by an appellate court. Accordingly, I concur in part and dissent in part.

I am authorized to state that Chief Justice Benham joins in this opinion.

DECIDED SEPTEMBER 11, 2000 —
RECONSIDERATION DENIED OCTOBER 26, 2000.

*Sutherland, Asbill & Brennan, William D. Barwick, Teresa W. Roseborough, Robert J. Neis, Amelia T. Rudolph, Carla W. McMillian,* for appellant.

*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Preyesh K. Maniklal, William S. Stone, Kevin R. Dean*, for appellees.

*Troutman Sanders, Harold G. Clarke, Duncan & Mangiafico, George E. Duncan, Jr., Love & Willingham, Allen S. Willingham, Jones, Cork & Miller, Thomas C. Alexander, Morris, Manning & Martin, Lewis E. Hassett*, amici curiae.